UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| B.K., a minor, through Greg Kroupa, her guardian ad litem, <br><br> Plaintiff, <br><br> vs. <br><br> PETER A. NIELSON, individually and in his official capacity as Assistant Director of 4-H Youth Development; ROD GEPPERT, individually and in his official capacity as Brule County Extension 4-H representative; JOHN DOES, of the South Dakota 4-H Livestock Ethics Committee unidentified in any communication from the other Defendants or in the 2011 South Dakota 4-H Division Handbook of the South Dakota Cooperative Extension Service in their individual and official capacities; and MARY DOES, of the South Dakota 4-H Livestock Ethics Committee unidentified in any communication from the other Defendants or in the 2011 South Dakota 4-H Division Handbook of the South Dakota Cooperative Extension Service in their individual and official capacities, <br><br> Defendants. | CIV. 12-4046-KES <br><br><br><br><br><br> ORDER DENYING MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL |

Plaintiff, B.K., a minor, through Greg Kroupa, her father and guardian ad litem, brought suit against defendants, Peter Nielson and Rod Geppert in their individual and official capacities, alleging violations of her First, Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 after she was

banned from participating in 4-H exhibition shows. B.K. moved for a preliminary injunction to enjoin defendants from precluding B.K.'s participation in 4-H and to refrain them from interfering with B.K.'s participation in 4-H activities. Docket 18. The court granted that motion as to Nielson and Geppert until further court order. Docket 35. Defendants now move to stay the court's order enjoining their actions pending appeal. Docket 36. Plaintiff resists this motion. Docket 43. For the following reasons, defendants' motion to stay the preliminary injunction pending appeal is denied.

## BACKGROUND

On July 12, 2012, this court entered its order that granted plaintiff's motion for a preliminary injunction, which enjoined defendants from preventing or interfering with B.K.'s participation in 4-H activities. Docket 35. The court dismissed 4-H as a defendant because the court found that as a state entity, 4-H was protected by sovereign immunity. Docket 35 at 13. As to Nielson and Geppert, the court determined that plaintiff satisfied the *Dataphase* factors and B.K. was able to show that she was likely to prevail on the merits of her procedural due process claim against defendants in their official capacities. The court did not reach any of plaintiff's other claims and did not analyze the case against defendants in their individual capacities. On August 1, 2012, defendants moved to stay the preliminary injunction pending appeal to the Eighth Circuit Court of Appeals. Docket 36.

## DISCUSSION

Whether it is appropriate to suspend injunctive or equitable relief imposed by the district court during the pendency of an appeal is controlled by Federal Rule of Civil Procedure 62(c).[1] The rule " 'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.' " *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1033 (N.D. Iowa 2004) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 (2d ed. 2012)). The court considers the following factors[2] in determining whether to grant a stay pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

---

[1] The rule provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).

[2] These are the same or similar four factors used to determine whether a preliminary injunction is appropriate under the analysis outlined in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

*Brady v. Nat'l Football League*, 779 F. Supp. 2d 1043, 1045-46 (D. Minn. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))).

A stay intrudes upon the ordinary process of judicial review and administration and is not routinely done as a matter of right even if the moving party might sustain irreparable harm. *Nken*, 556 U.S. at 427 (citations omitted). Because stays are matters of judicial discretion, the moving party "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434 (citations omitted). "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied." *Brady*, 779 F. Supp. 2d at 1046 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 at 503-05 (2d ed. 1995)).

In its order granting preliminary relief, the court determined that B.K. successfully showed that she had a likelihood of success on the merits on her procedural due process claim against defendants in their official capacities because she may have a liberty interest or privilege to show livestock animals at 4-H events. Docket 35 at 28. Defendants now claim that they will succeed on the merits of their appeal because B.K. cannot show irreparable harm or a cognizable property interest when numerous courts[3] have determined that a

---

[3] Defendants rely on *St. Patrick High School v. New Jersey Interscholastic Athletic Associations*, Civ. No. 10-948, 2010 WL 715826 (D.N.J. Mar. 1, 2010) for the proposition that " 'other federal courts, have . . . held that ineligibility for participation in interscholastic athletic competitions *alone* does not constitute irreparable harm.' " *Id.* at *15-16 (emphasis added) (quoting *Dziewa*

person cannot have a property interest in participation in a high school sporting event, and thus, they cannot prove they are likely to succeed on the merits or establish irreparable harm. Defendants' brief in support of their motion to stay, however, has presented neither new facts nor new law to persuade the court that its decision to grant injunctive relief was not warranted, that the area of the law is novel, or that the equities and facts of this case support a stay of any part of the injunctive relief ordered. Defendants presented the same case law in their brief in support of the motion to stay as they did in their brief in support of the motion for a preliminary injunction, and when the court analyzed these cases and issues previously it found against defendants. Nothing has changed since that decision that would help defendants' cause now.

In fact, since the court's opinion was issued that granted the preliminary relief, B.K.'s argument as to her irreparable harm and her property interest or privilege in participating in 4-H events has gotten stronger. Although it was not a 4-H show, B.K. participated in the Summer Spotlight event on July 28, 2012, which is a preview to the South Dakota State Fair. There she won the bred market steer division (winning a $100 gift certificate), the "Grand Champion

---

*v. Pa. Interscholastic Ath. Ass'n*, Civ. No. 08-5792, 2009 WL 113419, *7 (E.D. Pa. Jan. 16, 2009)). That case is distinguishable because that plaintiff did receive notice and a hearing before a property right was taken away and there was no immediate possibility that irreparable harm, like the loss of prize money, would occur. The only harm alleged by the plaintiff in *St. Patrick* was that the student athletes could not compete on game day or the loss of potential scholarships *in the future,* which is unlike this case where B.K. is competing for immediate cash prizes each time she competes.

Market Heifer" (winning $150), and the "Reserve Grand Champion" (winning $250). Docket 43 at 2. B.K. also participated in the 2012 Brule County 4-H Achievement Days, where she won Grand Champion market overall "Champion Market Beef" and "Reserve Grand Champion" for her goat. This was a pre-qualification event for the State Fair. Since the court's order, B.K. has qualified her heifer, two steers, and two goats to compete for future cash prizes. Docket 43 at 2. Thus, B.K.'s odds of winning cash prizes in the future have improved.

This evidence[4] further supports the court's conclusion that B.K. has a fair chance of success on her claim that her due process rights were infringed upon when her privilege of earning cash prizes and the experience of participating in 4-H was taken away without notice or process. Defendants' only other argument is that because Kroupa waited a substantial period of time to bring this cause of action, the claim is waived because the harm can no longer be immediate or irreparable. Docket 37 at 8. The court finds this argument to be without merit.[5]

---

[4] Defendants argue that the fact that B.K. won a few shows this summer does not establish that she will win in the future, and any other conclusion is pure speculation because success in one competition "does not change the competition's nature of being speculative to outcome determinative." Docket 46 at 5. The court agrees that winning in the future is not certain, but odds of future success improve when B.K. has had recent success in similar settings in addition to her past success.

[5] The main "showing season" for 4-H is the summer season; thus, B.K.'s harm did not become immediate until prior to the start of that season. Kroupa initiated suit in March of 2012 and moved for preliminary relief on May 30, 2012. These legal decisions are not illogical in light of the facts of this case. Defendants did not submit binding Eighth Circuit precedent to persuade the court that the few month lapse between the adverse conduct and the filing of the claim on its own is enough to justify staying the ordered preliminary relief.

For these reasons, defendants have failed to make a strong showing that they are likely to succeed on the merits of their claims. *See Nken*, 556 U.S. at 426 (noting that the stay applicant must make " 'a strong showing that he is likely to succeed on the merits' "). Accordingly, this factor weighs against staying the preliminary injunction.

The court will analyze the second and third factors together because the factors address both sides of the same issue. The second factor asks "whether the applicant will be irreparably injured absent a stay[,]" and the third factor inquires "whether issuance of the stay will substantially injure the other parties interested in the proceeding[.]" *Hilton*, 481 U.S. at 776.

Defendants argue that the irreparable harm they will suffer if the stay is not granted is that 4-H's integrity and reputation would be permanently and irrevocably damaged because it will be known as an organization that allows rule breakers back into the organization to participate. Damage to reputation can constitute threat of irreparable harm. *See Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 707 (8th Cir. 2011) (stating that damage to reputation could amount to irreparable harm but that it did not exist in that case) (citing *Med. Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 805 (8th Cir. 2003)). Defendants also claim that the public trusts that 4-H will run its shows in a fair and ethical manner, and if B.K. is allowed to participate after

---

The court's analysis is unique to each set of facts before it, and in this case, the court finds that the delay in filing the claim has no bearing on the analysis or ultimate result.

she broke the rules, then 4-H cannot restore the integrity of the shows in which B.K. wrongfully participated.

The harm to B.K. also is substantial because she could lose the opportunity to compete in 4-H shows, earn valuable[6] prize money, and gain considerable experience learning about animals if she is prevented from competing. As previously discussed, in the short time that the court's injunction has been in place, B.K. already has fared well and won prize money while qualifying for bigger shows. Although this new information is not concrete proof of future success, this evidence coupled with other evidence presented during the preliminary injunction hearing about B.K.'s past success at other 4-H or FFA shows demonstrates that her chances are fair to likely that she will earn prize money in the future.

Defendants' concerns about loss in public confidence or damage to 4-H's reputation are valid, but not significant enough for the court to consider granting a stay that would intrude upon the ordinary process of administration and judicial review. The chance that 4-H would sustain permanent and irrevocable harm to its reputation or lose its good standing with other 4-H members during the pendency of the appeal is slight in comparison to the harm to B.K., in which her constitutional rights to notice and process may have been infringed upon resulting in the loss of experience and future earnings. *See Iowa*

---

[6] There was testimony during the hearing that B.K. has won awards as large as $22,000 for participating in larger shows. Tr. 46:7-13; Docket 35 at 3.

*Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996) ("In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."). These factors weigh slightly in favor of denying defendants' motion to stay.

The final factor in the court's analysis is the public interest. *Hilton*, 481 U.S. at 776. Defendants claim that the public interest lies in their favor because there is a public interest in deterring and punishing unethical conduct and instilling in today's youth a sense of character, ethical behavior, and accepting the consequences of one's actions. Docket 37 at 15. B.K. argues that there is a greater public interest in affording the appropriate notice and due process to the citizens of South Dakota before considerable rights or privileges are taken away. The court finds that both interests serve the public, but that the right to constitutional protections outweighs defendants' argument. This factor weighs in favor of denying the motion for a stay pending appeal because South Dakota citizens have a strong interest in being afforded due process before a liberty interest, property interest, or privilege is taken away.

The court finds, after balancing all four factors and considering the relative strength of each, that defendants have not carried their burden on this issue. For these reasons, defendants' motion to stay is denied.

## CONCLUSION

Defendants were unable to make a strong showing that they are likely to succeed on the merits of their claim. The court analyzed the same arguments

and case law in determining that preliminary injunctive relief was appropriate and nothing has been brought forth that would convince the court to reach a different conclusion now. While defendants could establish a cognizable harm absent a stay, that harm was not irreparable, it was not enough to outweigh the harm to B.K. if the stay was granted, and it was insufficient to outweigh the public's interest in ensuring that South Dakota citizens are afforded due process. Accordingly, it is

ORDERED that defendants' motion to stay the preliminary injunction pending appeal (Docket 36) is denied.

Dated August 29, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE